**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 04-cv-00435-REB-MJW

JON F. MCCLELLAND, on behalf of himself and all persons similarly situated,

    Plaintiff,

v.

DIRECTV, INC.,
HUGHES ELECTRONICS CORPORATION,
GENERAL MOTORS CORPORATION,
YARMUTH WILSDON CALFO, PLLC,
GREER, HERZ & ADAMS, L.L.P.
STUMP, STOREY, CALLAHAN & DIETRICH, P.A.,
DIRECTV END USER DEVELOPMENT GROUP,
DIRECTV END USER RECOVERY PROJECT, LLC,
SECURE SIGNALS INTERNATIONAL,
MCGINNIS GROUP INTERNATIONAL, LLC
THE NEWS CORPORATION, LTD.,
FOX ENTERTAINMENT GROUP, INC., and
DOES 1 through 50 inclusive,

    Defendants.

---

**ORDER DENYING MOTION TO VACATE OR MODIFY
ORDER COMPELLING ARBITRATION**

---

**Blackburn, J.**

    This matter is before me on the **Plaintiff's Motion for Vacating or Modification of the Order Granting Defendant's Motion to Compel Arbitration and Request to Seal Exhibit 15 to This Motion** [#27], filed October 14, 2005.  The defendants have filed a response, and the plaintiff has filed a reply.  The motion is denied.

## I.  STANDARD OF REVIEW

The plaintiff asks that I reconsider my December 9, 2004, order [#21] compelling the plaintiff to submit his claims against the defendant to arbitration under the terms of the parties' agreement to arbitrate.  "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.  Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law."  ***Servants of the Paraclete v. Does***, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted).

The plaintiff claims that events that occurred after my December 9, 2004, order provide a basis to reconsider that order.  It appears that the plaintiff claims that new evidence previously unavailable, or possibly the need to prevent manifest injustice, merit reconsideration of my previous order.  I find that the new facts cited by the plaintiff do not provide grounds to alter my previous ruling, and that the plaintiff has not demonstrated any clear error or manifest injustice.

## II.  BACKGROUND & ANALYSIS

In my December 9, 2004, order [#21], I directed the plaintiff to submit his claims against the defendant to arbitration under the terms of the parties' agreement to arbitrate.  The agreement to arbitrate is part of a settlement agreement executed by the parties when they agreed to settle a separate lawsuit in which DirecTV was the plaintiff, and McClelland was the defendant.  Initially, the plaintiff resisted submitting his claim to arbitration, arguing that the arbitration provision of the settlement agreement is unconscionable because the agreement requires him to pay substantial costs in order

to have his claim arbitrated.  I concluded in my earlier order that the plaintiff had not established that the agreement to arbitrate was unconscionable.

The plaintiff submitted his claims to the American Arbitration Association (AAA). In submitting his claims to the AAA, the plaintiff requested a waiver of fees. The AAA told the plaintiff that he must provide an affidavit of hardship, copies of his tax returns for two years, and bank statements for three months in order for the AAA to consider his request for waiver of fees.  The plaintiff says he provided the AAA with a completed affidavit of hardship, bank statements, and a profit and loss statement for the previous three months.  He objected to producing his tax returns.  The AAA responded with "a short fax threatening to drop his claim unless he submitted the tax returns." *Motion* to reconsider, p. 3.  The plaintiff refused to provide his tax returns.  The AAA then advised the plaintiff "that it would not consider plaintiff's fee waiver request unless he submitted either tax returns or W-2's, 1099s or other third party documentation." *Id*., p. 4.

The plaintiff says he then calculated that he would be responsible for AAA fees totaling about 26,650 dollars just to get his case started.  He says these fees were necessary for the "class construction phase," in which the arbitrator would determine whether the plaintiff's claims properly could be pursued as a class action in arbitration. *Id.*, p. 3.  The plaintiff says that he would be required to pay additional filing and service fees, in excess of 20,000 dollars, if the arbitrator determined that a class action was appropriate.  *Id*.  In addition, the AAA's rules indicated that he would be responsible for at least some portion of the arbitrator's hourly fee, which ranges from 300 to 450 dollars per hour.

The plaintiff then provided the AAA with a financial statement from his accountant showing a net income for 2004 of 22,427 dollars.  The AAA then advised

3

the plaintiff that it wanted additional bank statements, which the plaintiff provided, and third-party income verification. Again, the AAA said if tax returns were not provided, it would consider W-2s, 1099s, or any other official third party documentation of income. *Motion to reconsider*, Exhibit 8. The plaintiff told the AAA that he could not provide such information because he operates a "'cash' business." *Motion to reconsider*, Exhibit 11. The plaintiff refused to provide further financial information. *Id*.

On July 15, 2005, the AAA told the plaintiff that it would defer 2,250 dollars of the initial administrative fee. This would require the plaintiff to pay 1,000 dollars up front, and to pay 2,250 dollars at the conclusion of the case, no matter what the outcome. *Id*., p. 5. In addition, the plaintiff would still be required to pay the 20,000 balance of the filing fee, although the AAA said it might consider some deferment of that amount in the future, and he would be required to pay the arbitrator's fees. McClellan says he simply cannot afford to pay the costs of arbitration outlined above.

After inquiry by the plaintiff, the defendant offered to advance all costs necessary to get through the initial phase of the arbitration, in which the arbitrator will decide whether this case is proper for a class-wide arbitration, beyond the 1,000 dollars the plaintiff is willing to pay. *Defendant's response*, p. 7. The defendant also agreed to advance the plaintiff's share of the arbitrator's fee or other costs, to the extent the plaintiff demonstrates to the arbitrator that the plaintiff cannot pay his share of those fees and costs. *Defendant's response*, p. 7; Exhibit 2. However, the defendant specified that it did not waive its right to seek recovery of those amounts as the prevailing party, if it prevailed in the arbitration. *Id*. The plaintiff rejected this offer, saying he was not willing to allow an arbitrator to apportion fees. *Id*., Exhibit 2, p. 1.

The defendant notes also that its arbitration agreement with the plaintiff provides that the defendant will consider a written request for reimbursement of the initial filing fee if the AAA rejects the plaintiff's request for a waiver. The defendant argues that the plaintiff has not yet made a fully legitimate request for a fee waiver to the AAA because the plaintiff has refused to provide the AAA with any tax information to verify the plaintiff's income. The defendant argues further that it is not contractually obligated to consider a request from the plaintiff for reimbursement of the initial filing fee until the plaintiff makes a legitimate fee waiver request to the AAA. The defendant argues that the plaintiff cannot claim that the costs of arbitration are unconscionable when the plaintiff has not fully explored the options for obtaining a waiver or reimbursement of those costs.

The plaintiff now claims that he has demonstrated that arbitration of his claims by the AAA would be so costly to him that the arbitration provision of the settlement agreement must be found to be unconscionable. He asks that I order DirecTV to pay all costs of arbitration, that I refer the case to a different arbitration organization, or that I vacate my previous order to arbitrate and decide the question of unconscionability in this court. The parties agree that California law controls the unconscionability issue. Under California law, unconscionability has both a procedural element and a substantive element. **Armendariz v. Foundation Health Psychcare Services, Inc.**, 24 Cal.4th 83, 114 (Cal. 2000). The procedural element focuses on oppression or surprise due to unequal bargaining power. *Id*; **Coast Plaza Doctors Hosp. v. Blue Cross of California**, 83 Cal.App.4th 677, 688 (Cal.App. 2000). The substantive element focuses on overly harsh or one-sided results or, in other words, whether the contract allocates the risks of the bargain in an objectively unreasonable or unexpected

5

manner.  ***Armendariz***, 24 Cal.4th at 114; ***Coast Plaza***, 83 Cal. App.24th at 688.  Both procedural and substantive unconscionability must be present to show that a contract is unconscionable.  ***Armendariz***, 24 Cal.4th at 114; ***Coast Plaza***, 83 Cal. App.24th at 688.

In my December 9, 2004, order [#21], I concluded that the plaintiff had not shown that the agreement to arbitrate is unconscionable under California law, and I concluded that the agreement is valid and enforceable.  The plaintiff's subsequent efforts to pursue arbitration do not demonstrate that the costs of arbitration make the settlement agreement unconscionable.  The plaintiff has refused to comply with the reasonable requirements of the AAA in an effort to obtain a waiver of some or all of those costs.  The plaintiff also has failed to comply with the requirements of his agreement with the defendant concerning a request for reimbursement of the initial filing fee by the defendant.  The record bears no indication that unconscionable costs would be imposed on the plaintiff if he complied with the reasonable requirements of the AAA and of his agreement with the defendant.

### ORDERS

**THEREFORE IT IS ORDERED** as follows:

1. That the **Plaintiff's Motion for Vacating or Modification of the Order Granting Defendant's Motion to Compel Arbitration and Request to Seal Exhibit 15 to This Motion** [#27], filed October 14, 2005, is **DENIED**;

2. That pursuant to 9 U.S.C. § 4, the plaintiff again is **ORDERED** to proceed to arbitration under the terms of the agreement to arbitrate between plaintiff, Jon McClelland, and defendant DirecTV;

3.  That pursuant to 9 U.S.C. § 3, this case shall be **STAYED** pending completion of arbitration under the applicable agreement;

4. That the parties **SHALL FILE** a status report indicating the status of the arbitration and the anticipated date of its completion on or before **March 12, 2006**, and every 120 days thereafter, until the arbitration is complete;

5.  That **within ten (10) days** of the completion of the arbitration, the parties **SHALL FILE** a statement with the court stating that the arbitration has been completed, describing the results of the arbitration, and indicating what, if any, further action each party intends to take in this case; and

6.  That pursuant to D.C.COLO.LCivR 41.2, the clerk of the court is **DIRECTED** to close this civil action administratively, subject to reopening for good cause.

Dated November 16, 2006, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**