# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Civil Case No. 04-cv-00435-REB-MJW

JON F. MCCLELLAND, on behalf of himself and all persons similarly situated,

    Plaintiff,

v.

DIRECTV, INC., et al.,

    Defendants.

## ORDER OF DISMISSAL

**Blackburn, J.**

    The matter comes before the court *sua sponte*. On November 9, 2007, the court entered an **Order To Show Cause** [#48] why this case should not be dismissed for failure to prosecute. The plaintiff was ordered to file a response no later than November 19, 2007. Plaintiff has failed to respond to the order, has failed to move for an extension of time to file a response, and has failed completely to apprise this court of his intentions, if any, with respect to the prosecution of this case.

    A district court retains the power to dismiss an action with prejudice for failure to comply with its duly issued orders. In determining whether dismissal in appropriate, I must evaluate several factors, including:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for non-compliance; and (5) the efficacy of lesser sanctions.

*Ehrenhaus v. Reynolds*, 965 F.2d 916, 920-21 (10th Cir. 1992).  "These factors do not create a rigid test; rather, they represent criteria for the district court to consider prior to imposing dismissal as a sanction." *Id.* at 921.

Here, all five factors weigh heavily in favor of dismissal with prejudice.  Defendant has been prejudiced by being required to expend time, effort, and attorney fees to keep the court apprised of the status of this case, and by remaining in limbo about whether plaintiff will ever take up this matter again.  It deserves repose from the uncertainty and expense that the continued pendency of this case creates.  Plaintiff's failure to comply with – indeed, to respond in any way to – any of my orders in the last year substantially interferes with the judicial process by requiring the continued, prodigal expenditure of scarce judicial resources to repeatedly and futilely remind plaintiff of his obligations to move this case forward.  It is time for such futile efforts to stop.  There is no indication that anyone other than plaintiff is responsible for his repeated contumacious failures to comply with my orders.  My show cause order specifically warned plaintiff that failure to respond could result in dismissal of this action.  Finally, given plaintiff's repeated, unexcused failures either to respond to my orders or to move this case forward, it is clear to me that lesser sanctions will not be efficacious.

Clearly, plaintiff does not intend to pursue this matter in arbitration.  Although the case is stayed and administratively closed in this court, there is no reason why it should continue to clutter the docket when plaintiff clearly has no intention of bringing the matter to resolution before an arbitrator or otherwise.  Under these circumstances, this court has no further role to play, and this case should be dismissed with prejudice.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Order To Show Cause** [#48], entered November 9, 2007, is **MADE ABSOLUTE**; and

2. That this action is **DISMISSED WITH PREJUDICE** for failure to prosecute and to obey the orders of this court.

Dated December 26, 2007, at Denver, Colorado.

**BY THE COURT:**

s/ Robert E. Blackburn
**Robert E. Blackburn**
**United States District Judge**